No. 18-35673

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

ANDREW GRIMM,

*Plaintiff-Appellant,*

v.

CITY OF PORTLAND,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Oregon
No. 3:18-cv-00183-MO
Hon. Michael W. Mosman, United States District Judge

---

## EXCERPTS OF RECORD
## VOLUME I OF II
## (Pages 1 to 17)

---

Gregory Keenan
DIGITAL JUSTICE FOUNDATION
81 Stewart Street
Floral Park, New York 11001
(516) 633-2633
gregory@digitaljusticefoundation.org

*Attorney for Appellant Andrew Grimm*

# INDEX OF CONTENTS

## VOLUME I OF II
### (Pages 1 to 17)

| ECF | Description | Page |
|---|---|---|
| 31 | [2018-07-17] Transcript of Proceedings and Oral Ruling | ER 1 |
| 17 | [2018-04-16] Opinion and Order Granting Motion to Dismiss | ER 13 |

## VOLUME II OF II
### (Pages 18 to 106)

| ECF | Description | Page |
|---|---|---|
| 28 | [2018-08-14] Notice of Appeal | ER 18 |
| 27 | [2018-07-18] Judgment | ER 20 |
| 24-1 | [2018-06-11] Second Grimm Declaration | ER 21 |
| 22-1 | [2018-05-29] First Grimm Declaration with Exhibits | ER 25 |
| 20 | [2018-05-15] Earle Declaration | ER 44 |
| 20-1 | [2018-05-15] Earle Declaration Exhibits | ER 47 |
| 6 | [2018-02-21] City of Portland's Answer | ER 64 |
| 1 | [2018-01-29] Complaint | ER 79 |
|  | [As of 2019-1-29] District Court Docket Sheet | ER 103 |

Case 3:18-cv-00183-MO    Document 31    Filed 09/11/18    Page 1 of 19
Case: 18-35673, 03/18/2019, ID: 11233327, DktEntry: 14-1, Page 3 of 20

1

| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| 2 | FOR THE DISTRICT OF OREGON |

```
 3  ANDREW GRIMM,                    )
                                     )
 4         Plaintiff,                )   Case No. 3:18-cv-00183-MO
                                     )
 5      v.                           )
                                     )
 6  CITY OF PORTLAND, L. MCHENRY,  ) July 17, 2018
    F. EARLE, and RETRIEVER         )
 7  TOWING,                          )
                                     )
 8         Defendants.               )   Portland, Oregon
    _____)
 9
```

| | |
|---|---|
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | **Oral Argument** |
| 16 | TRANSCRIPT OF PROCEEDINGS |
| 17 | BEFORE THE HONORABLE MICHAEL W. MOSMAN |
| 18 | UNITED STATES DISTRICT COURT CHIEF JUDGE |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

Case 3:18-cv-00183-MO   Document 31   Filed 09/11/18   Page 2 of 19
Case: 18-35673, 03/18/2019, ID: 11233327, DktEntry: 14-1, Page 4 of 20

2

```
 1
 2                             APPEARANCES
 3
 4    FOR THE PLAINTIFF:      Mr. Andrew Grimm, pro se (by telephone)
                              15287 Pepperwood Drive
 5                            Omaha, NE 68154
 6
 7
 8    FOR THE DEFENDANT:      Mr. Robert T. Yamachika
                              City Attorney's Office
 9                            1221 S.W. Fourth Avenue, Room 430
                              Portland, OR 97204
10
11
12
13    COURT REPORTER:        Bonita J. Shumway, CSR, RMR, CRR
                             United States District Courthouse
14                           1000 S.W. Third Ave., Room 301
                             Portland, OR  97204
15                           (503) 326-8188
16
17
18
19
20
21
22
23
24
25
```

Case 3:18-cv-00183-MO   Document 31   Filed 09/11/18   Page 3 of 19
Case: 18-35673, 03/18/2019, ID: 11233327, DktEntry: 14-1, Page 5 of 20

3

```
 1                    (P R O C E E D I N G S)

 2               (July 17, 2018; 2:22 p.m.)

 3          THE CLERK:  Your Honor, this is the time and place

 4   set for oral argument in Case No. 3:18-cv-183-MO, Andrew Grimm

 5   v. the City of Portland, et al.

 6          Counsel and party, can you introduce yourself for the

 7   record.

 8          THE COURT:  Go ahead.

 9          MR. YAMACHIKA:  Good afternoon, Your Honor.  Robert

10   Yamachika for defendant City of Portland, Parking Officers

11   McHenry and Earle.

12          THE COURT:  Thank you.

13          Mr. Grimm, you're on the phone?

14          MR. GRIMM:  Yes, Your Honor.  Andrew Grimm.  I'm the

15   plaintiff in this case.

16          THE COURT:  All right.  Are you on a speaker phone,

17   Mr. Grimm?

18          MR. GRIMM:  I'm not.

19          THE COURT:  If you'd keep your voice up.  It's pretty

20   hard to hear what you're saying.

21          MR. GRIMM:  Okay.  I'll speak loudly.

22          THE COURT:  Thank you.

23          So we're here on the City of Portland's motion for

24   summary judgment, and in light of what's happened before,

25   Mr. Grimm, if I understand your argument, you want me to apply
```

Case 3:18-cv-00183-MO    Document 31    Filed 09/11/18    Page 4 of 19
Case: 18-35673, 03/18/2019, ID: 11233327, DktEntry: 14-1, Page 6 of 20

4

1  what's been called the *Mullane* due process standard to this

2  context differently as to the City of Portland -- that is, a

3  different due process standard as to the City of Portland --

4  than I applied to the towing company.  Is that right?  Do I

5  understand your argument correctly that way?

6       MR. GRIMM:  Well, Your Honor, my argument is that the

7  *Mullane-Jones* standard would apply -- would apply to the issue

8  of the adequacy of notice.  So I think that -- respectfully, I

9  assert that it would apply to both -- to all the parties that

10  were named in the complaint.

11       THE COURT:  All right.  So I just want to be clear,

12  though, your argument depends on me coming out differently on

13  this issue for the City of Portland than I did with the towing

14  company, right?

15       MR. GRIMM:  Yes, Your Honor, because I think the

16  applicable standard, as the Ninth Circuit understands it, when

17  the only question to be decided is the adequacy of notice, is

18  the *Mullane* standard.

19       Respectfully, I also made arguments in the opposition

20  to Retriever Towing 12(b)(6) as to why I think that the case is

21  factually distinct from any other cases.  So I think that even

22  under an application of the *Mathews* standard, the case would

23  turn differently than prior case law, but I think it's an even

24  easier case in my favor if you apply the *Mullane-Jones*

25  standard.

Case 3:18-cv-00183-MO   Document 31   Filed 09/11/18   Page 5 of 19
Case: 18-35673, 03/18/2019, ID: 11233327, DktEntry: 14-1, Page 7 of 20

5

```
 1            THE COURT:  All right.
 2            MR. GRIMM:  And I think that's the standard that must
 3   be applied.
 4            THE COURT:  And so, for example, what do you think
 5   makes this case factually different than Sackman v. City of Los
 6   Angeles?
 7            MR. GRIMM:  Well, I allude to a couple of factors.  I
 8   think first in Sackman v. City of Los Angeles, there is no
 9   suggestion in the case anywhere that the City of Los Angeles
10   had the personal contact information of Ms. Sackman when they
11   towed her vehicle.  There's no suggestion that the parking
12   enforcement officers are carrying around handheld devices, that
13   they received email address, cell phone number, and also that
14   the -- that Ms. Sackman had downloaded an app to her phone put
15   out by the City of Los Angeles, that the City of Los Angeles
16   had used on prior occasions to contact her about her parking.
17            By contrast, in this case, all of those factors are
18   relevant here.
19            THE COURT:  So the Ninth Circuit has held in other
20   contexts that attaching a citation to the windshield of an
21   individual's car prior to towing it provides adequate notice
22   for due process purposes even if the individual doesn't see the
23   citation -- that is, even if the individual doesn't make it
24   back to his or her car before it's eventually towed.  And your
25   argument, in part, is that if factually providing pre-towing
```

Case 3:18-cv-00183-MO   Document 31   Filed 09/11/18   Page 6 of 19
Case: 18-35673, 03/18/2019, ID: 11233327, DktEntry: 14-1, Page 8 of 20

6

1    notice, more than a citation -- that is, let's say, for

2    example, a text or an email -- has over time become more

3    available to a city, that those holdings are no longer good

4    law.  Is that the idea?

5          MR. GRIMM:  Well, in addition, Your Honor, all of

6    those cases involved additional claims beyond the adequacy of

7    notice.  And I could walk you through each of them.  For

8    example --

9          THE COURT:  I don't need to know about other claims

10   that are dealt with.  I am just interested in what other courts

11   in the Ninth Circuit have done with this claim, adequacy of

12   notice.

13         MR. GRIMM:  Well, Your Honor, so in -- I point you to

14   *Nozzi v. Housing Authority*.  That's 806 F.3d 1178, Note 17,

15   where it points out when the only question is the adequacy of

16   notice, the *Mullane* standard must be applied.  And by contrast,

17   in all of the cases cited by the -- Retriever Towing and

18   incorporated by the City -- so *Scofield*, *Clement*, *Lone Star*,

19   and in *Sackman* itself -- there are additional claims about

20   hearing or state law claims or the Fourth Amendment authority

21   to tow.  So, in the very least, the Ninth Circuit has

22   interpreted the *Dusenberry* case to mean when the only question

23   is the adequacy of notice, it must apply the *Mullane* standard.

24         But I would say it's broader than that, because it's

25   dependent claim by claim.  If you look at *Lockyer v. FERC*, Your

Case 3:18-cv-00183-MO   Document 31   Filed 09/11/18   Page 7 of 19
Case: 18-35673, 03/18/2019, ID: 11233327, DktEntry: 14-1, Page 9 of 20

7

1   Honor, this is an exceptional case where the Supreme Court has

2   held that the *Mathews v. Eldridge* analysis does not apply.

3          THE COURT:  All right.  Thank you very much.

4          Mr. Yamachika.

5          MR. YAMACHIKA:  Thank you, Your Honor.  Do you mind

6   if I sit so I'm closer to the mics?

7          THE COURT:  That's fine.

8          MR. YAMACHIKA:  Well, the City's position, the City

9   defendant's position is that the most recent case from the

10  Ninth Circuit, *Sackman v. City of Los Angeles* from 2017,

11  clearly states that the applicable test --

12         THE COURT:  Would you slow down while you're reading,

13  please, for the court reporter.

14         MR. YAMACHIKA:  Sorry, Ms. Shumway.

15         The applicable standard is the *Mathews* test.  It's

16  fairly clear when you apply it to towing cases, in particular

17  pre-towing notice cases.  It sounds like there's a little bit

18  different twist on it if it's a post-towing notice or hearing,

19  which we're not talking about that, just to be clear.  It's a

20  pre-towing notice.

21         The -- there's nothing in the case law that says that

22  traditional method of placing parking citations -- in this case

23  four of those -- in addition, our parking enforcement officers

24  placed a warning placard.  There's an exemplar in the record

25  attached to my motion of the warning.  And then a few days

Case 3:18-cv-00183-MO  Document 31  Filed 09/11/18  Page 8 of 19
Case: 18-35673, 03/18/2019, ID: 11233327, DktEntry: 14-1, Page 10 of 20

8

1  later, they actually placed a tow notice.  So those were two

2  additional notices of tow.

3          The *Sackman* case makes it clear that just because a

4  person doesn't get actual notice by coming back -- in that

5  case, she went on a trip out of town, returned after more than

6  72 hours, and her car was no longer there.

7          One of the distinctions from *Sackman* I think that's

8  important, Mr. Grimm has mentioned this signing up for the

9  parking app that the City has to pay with your mobile device.

10  I don't believe in *Sackman* she was parked in a metered zone.

11  It's probably just that you can't park on a city street for

12  longer than 72 hours before your vehicle needs to be moved.  I

13  think Portland has a similar ordinance.

14          However, in this case there's no dispute that

15  Mr. Grimm parked his car in the evening, paid up until

16  7:00 p.m.  The Parking Kitty application notified him that his

17  time was up.  He was actually legally parked until 8:00 in the

18  morning, because you can park overnight because there's no fee

19  for parking from 7:00 until 8:00, and then from 8:00 until his

20  tow, he admits that he was illegally parked.

21          It's clear from the supplemental facts that I

22  included in our motion that Mr. Grimm was somewhat -- somehow

23  involved in this KnowTow pre-tow notification application or

24  software that he would like the City of Portland to use.

25  Respectfully, the City declined to sign up for that service,

Case 3:18-cv-00183-MO   Document 31   Filed 09/11/18   Page 9 of 19
Case: 18-35673, 03/18/2019, ID: 11233327, DktEntry: 14-1, Page 11 of 20

9

1    and I think the pre-tow notice requirement that this KnowTow

2    application purports to provide is not required under current

3    Ninth Circuit law.

4          And in my brief, and Mr. Grimm's surreply, he

5    mentions that in my reply, I pointed out that plaintiff

6    wrongfully assumes that the parking enforcement officers can

7    see the actual email address or telephone contact information

8    in the Parking Kitty app.  I don't think that's a material

9    dispute that -- material fact that would somehow preclude this

10    motion for summary judgment.  We can assume, in the light most

11    favorable to plaintiff, that let's say they did have that

12    information that comes up on their handheld device.  Under

13    *Sackman*, there's no obligation that any city parking

14    enforcement officer attempt to contact someone before giving

15    him a ticket or towing them.  I think if you Google "parking

16    enforcement and conflicts with people," I think it's not a far

17    stretch to assume that if people are being alerted that they're

18    getting a ticket or being towed, that that could lead to

19    confrontations between parking enforcement officers and people

20    that are parking on the street.  They could be verbal and some

21    have been physical.  So it wouldn't be hard for me to get a

22    declaration from some of our parking enforcement officers.

23          THE COURT:  Well, you didn't do that, so I'm not

24    going to rely on that argument.

25          MR. YAMACHIKA:  Sure.

Case 3:18-cv-00183-MO   Document 31   Filed 09/11/18   Page 10 of 19
Case: 18-35673, 03/18/2019, ID: 11233327, DktEntry: 14-1, Page 12 of 20

10

1   So, in short, Your Honor, we believe the Court

2   properly applied *Sackman* in the motion to dismiss for Retriever

3   Towing, and we rely on that case, as well as Retriever Towing's

4   briefing and the Court's prior opinion.

5   THE COURT:  Thank you.

6   So I want to make clear I'm only going with the

7   arguments that were raised and not new factual assertions, and

8   I am analyzing this case in the light most favorable to the

9   nonmoving party.

10   I grant the City of Portland's motion for summary

11   judgment.  The standard plaintiff wants me to apply here is the

12   wrong standard under Ninth Circuit law for due process analysis

13   of towing here, and it would also require me to apply a

14   different standard to the City than I already applied in this

15   case to Retriever Towing, and I decline to do so.

16   There may come a day when notification of some kind

17   beyond the ticket for towing, which raises due process concerns

18   that a parking ticket by itself doesn't raise, may become so

19   ridiculously easy to do that it may be some day required, but

20   that day hasn't come yet, and if it did come, this would be the

21   worst case to apply it in, given the actual facts, the

22   undisputed facts here.  So I therefore grant the City's motion

23   for summary judgment.

24   Thank you.  We'll be in recess.

25   MR. YAMACHIKA:  Thank you, Your Honor.

Case 3:18-cv-00183-MO   Document 31   Filed 09/11/18   Page 11 of 19
Case: 18-35673, 03/18/2019, ID: 11233327, DktEntry: 14-1, Page 13 of 20

11

1          THE CLERK:   This court is in recess.

2          (Proceedings concluded at 2:34 p.m.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case 3:18-cv-00183-MO    Document 31    Filed 09/11/18    Page 12 of 19
Case: 18-35673, 03/18/2019, ID: 11233327, DktEntry: 14-1, Page 14 of 20

12

```
 1
 2                              --o0o--
 3
 4        I certify, by signing below, that the foregoing is a
 5   correct transcript of the record of proceedings in the
 6   above-entitled cause.  A transcript without an original
 7   signature or conformed signature is not certified.
 8
 9
     /s/Bonita J. Shumway              September 10, 2018
10   _____            _____
     BONITA J. SHUMWAY, CSR, RMR, CRR  DATE
11   Official Court Reporter
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANDREW GRIMM**,                                                              3:18-cv-183-MO

    Plaintiff,                                            OPINION AND ORDER

  v.

**CITY OF PORTLAND,**
**L. MCHENRY, F. EARLE,**
**RETRIEVER TOWING,**

    Defendant.

**MOSMAN, J.**,

  This matter comes before me on Defendant Retriever Towing's ("Retriever Towing")

Motion to Dismiss [7]. For the reasons given below, I GRANT that motion and DISMISS

Andrew Grimm's pro se claim against Retriever Towing with prejudice and without leave to

amend.[1]

## BACKGROUND

  On December 14, 2017, Mr. Grimm parked his car in downtown Portland and, using

Portland's mobile parking app, paid for a parking spot from 5:41pm to 7:00pm. (Compl. dkt. no.

1 ¶ 25). Mr. Grimm never refilled the meter or moved his car. (*Id.* ¶¶ 30, 31). Over the next

---

[1] I take judicial notice of the fact that Mr. Grimm is a lawyer admitted to the Washington State Bar Association, WSBA #51486. (Mot. to Dismiss, dkt. no. 7 at 3 n.1). Nevertheless, I applied the less-stringent review standard because the outcome is the same. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("[P]ro se pleadings are liberally construed, particularly where civil rights claims are involved.").

1 – OPINION AND ORDER

seven days, Defendants Officers Earle and McHenry issued Mr. Grimm four parking citations,

placing each citation on the exterior of his car's windshield.[2] (*Id.* ¶¶ 34–37). On December 21,

2017, after Officer Earle attached Mr. Grimm's fourth citation to the windshield, he contacted

Retriever Towing and ordered it to tow and impound Mr. Grimm's car. (*Id.* ¶ 37, 43). Retriever

Towing promptly did so. (*Id.* ¶¶ 45, 47). Mr. Grimm did not see the citations until after

Retriever Towing towed his car. (*Id.* ¶¶ 34–37).

After discovering what happened to his car, Mr. Grimm brought this civil rights action

under 42 U.S.C. § 1983 against Retriever Towing, and three other defendants, claiming Retriever

Towing violated his right to due process because he did not receive adequate notice before

Retriever Towing towed his car. (*Id.* ¶ 183). Retriever Towing now moves to dismiss under

Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, dkt. no. 7).

## LEGAL STANDARD

A court may grant a motion to dismiss "only where there is no cognizable legal theory or

an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*,

250 F.3d 729, 732 (9th Cir.2001). At this stage, a court usually assumes all factual allegations as

true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions, in contrast, are not entitled

to that assumption. *Id.*

## DISCUSSION

Due process generally requires the government to provide a car owner with notice before

taking his or her car. *See Clement v. City of Glendale*, 518 F.3d 1090, 1093 (9th Cir. 2008).

---

[2] Mr. Grimm violated Portland City Code § 16.20.430-A . (Reply in Supp. of Def. Mot. to Dismiss dkt. no. 16 Ex. 1). § 16.20.430-A provides that:

> "It is unlawful for any person to park any vehicle in any parking meter space during the hours of operation of the meter without paying the parking meter fee, or to permit any vehicle in their control or custody to remain in any parking meter space longer than the time designated time limit."

2 – OPINION AND ORDER

However, the government does not need to provide that person with "actual notice" before doing so. *Jones v. Flowers*, 547 U.S. 220, 226 (2006); *Dusenberry v. United States*, 534 U.S. 161, 171 (2002) ("[O]ur cases have never required actual notice.").

In *Sackman v. City of Los Angeles*, No. CV 15-0090, 2015 WL 13357951 (C.D. Cal. May 8, 2015), *aff'd*, 677 F. App'x 365 (9th Cir. 2017), a California district court rejected a claim similar to Mr. Grimm's claim. In that case, Ms. Sackman parked her van about a block away from her home and left for a trip with her husband. *Id.* at *1. Seventy-two hours after an officer initially marked the van, another officer cited Ms. Sackman for violating Los Angeles's municipal code, leaving the citation on her car's windshield. *Id.* Forty-eight hours later the officer returned to the car, contacted a towing company, and ordered it to tow and impound Ms. Sackman's van. *Id.* The next day, after Ms. Sackman and her husband returned home, her husband discovered that Los Angeles towed the van. *Id.* at *2. Ms. Sackman subsequently filed suit, alleging, among other claims, that Los Angeles violated her right to procedural due process because it failed to provide adequate notice before towing her car. *Id.* at *1, *4.

The district court disagreed and dismissed the claim with prejudice and without leave to amend. *Id.* at *5. The court found that by leaving a citation on the van's windshield before towing the vehicle, Los Angeles provided Ms. Sackman adequate notice. *Id.* On appeal, the Ninth Circuit affirmed the lower court's decision and rejected Ms. Sackman's contention that Los Angeles should have done more, like post signs about the seventy-two-hour law, to comport with due process, stating:

> a legislature generally provides the requisite level of notice "simply by enacting the statute, publishing it, and, to the extent the statute regulates private conduct, affording those within the statute's reach a reasonable opportunity to familiarize themselves with the general requirements imposed and to comply with those requirements."

3 – OPINION AND ORDER

*Sackman*, 677 F. App'x at 366 (quoting *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1237 (9th Cir. 2017)). The Ninth Circuit additionally concluded, Los Angeles "provided further pre-towing notice by attaching a citation to Ms. Sackman's vehicle two days before it was towed." *Id.*

As in *Sackman*, Mr. Grimm does not dispute that he unlawfully parked his car or that Officers McHenry and Earle cited him for parking unlawfully. Mr. Grimm contends, rather, that he should have received better notice—for example, by emailing, calling, or texting him—before Retriever Towing towed his vehicle. (Mem. in Opp'n to Mot. to Dismiss dkt. no. 15 at 7). However, due process does not require Mr. Grimm to receive such notice. Defendant City of Portland ("the City") is authorized to tow cars that are unlawfully parked.[3] In both cases, the code was enacted, published, and provided each plaintiff a reasonable opportunity to familiarize themselves with the general requirements imposed and to comply with those requirements. Accordingly, I find that the City's code provided Mr. Grimm the requisite level of notice to satisfy due process.

I also find that Officers Earle and McHenry provided Mr. Grimm adequate notice by attaching a citation to the windshield, even though Mr. Grimm did not actually see the citation. *See Sackman*, 677 F. App'x at 366; *Clement*, 518 F.3d at 1096 ("Our holding today dovetails with *Scofield*, where we held that there was a due process requirement that notice be given— usually in the form of a ticket placed on the windshield—before police could tow apparently abandoned vehicles that are otherwise legally parked.").

---

[3] Portland City Code § 16.30.210(A)(2) provides that:

"A vehicle may be towed and held at the expense of the owner or person entitled to possession thereof from [a]ny public right-of-way, city owned or operated property, parking lot, public park or other public place or property, when [t]he vehicle is parked unlawfully or in a manner that may be hazardous to traffic."

4 – OPINION AND ORDER

Both the Ninth Circuit in *Sackman* and Retriever Towing rely on *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Sackman* applied the balancing test in *Mathews* to conclude the availability of post hoc challenges to the citation and tow satisfied due process. While it appears *Mathews* is applicable to cases where there is no pre-deprivation notice, I conclude that if applied here, it would lead to the same result as in *Sackman*.

Because Mr. Grimm received adequate notice, I GRANT Retriever Towing's motion and DISMISS Mr. Grimm's claim with prejudice because there are no facts that Mr. Grimm can allege that will cure the deficiencies in his complaint. *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987) ("[A] pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment.").

## CONCLUSION

For the reasons given above, I GRANT Retriever Towing's Motion [7], and DISMISS Mr. Grimm's claim with prejudice and without leave to amend.

IT IS SO ORDERED.

DATED this __16__ day of April, 2018.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge

5 – OPINION AND ORDER

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, I electronically filed the foregoing EXCERPTS OF RECORD: VOLUME I with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: March 18, 2019                    Respectfully submitted,

DIGITAL JUSTICE FOUNDATION

*/s/ Gregory Keenan*
Gregory Keenan
81 Stewart Street
Floral Park, NY 11001
(516) 633-2633
gregory@digitaljusticefoundation.org

*Attorney for Appellant Andrew Grimm*