No. 18-35673

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

ANDREW B. GRIMM,

Plaintiff-Appellant,

v.

CITY OF PORTLAND et al.,

Defendants-Appellees.

On Appeal from the United States District Court
For the Portland District of Oregon
No. 3:18-cv-00183-MO
Hon. Michael W. Mosman

**APPELLEE'S RESPONSE TO MOTION FOR JUDICAL NOTICE**

On Appeal from the U.S. District Court for the District of Oregon
The Honorable Michael W. Mosman, Chief District Judge

Denis M. Vannier, OSB No. 044406
denis.vannier@portlandoregon.gov
Senior Deputy City Attorney
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204

Attorney for Appellee

# APPELLEE'S RESPONSE TO MOTION FOR JUDICIAL NOTICE

Pursuant to Fed. R. App. P. 27(3), defendant-appellee City of Portland ("City") hereby objects to the Opposed Motion for Judicial Notice ("Motion") filed by plaintiff-appellant Andrew Grimm ("Grimm"). As explained below, the facts and documents—mostly webpages—that he asks this court to judicially notice are not subject to judicial notice. For those reasons, this court should deny the Motion.

## I.   Background

The facts leading to this appeal are the following. Grimm parked his car on a City street in a metered parking zone, paid for slightly over one hour of parking, and left his car in that location for a week. (E.R. 13, 83; S.E.R. 28, 35). Grimm did not pay for additional parking or move it, and his car displayed expired registration tags. (E.R. 13; S.E.R. 28). Over the course of a week, City officers issued four citations for unlawful parking, two citations for displaying expired registration tags, a warning that the car was subject to tow if not moved, and eventually an order to tow the car. (E.R. 13-14, 83-85; S.E.R. 28-29). Those citations and warnings were placed on the windshield of Grimm's car, which was eventually towed. (E.R. 14; S.E.R. 44, 45).

On appeal, Grimm argues that the City's notice was constitutionally defective and violated due process. (App. Br. 20). More specifically, he contends that "advances in technology" mean that the City was constitutionally required to

send him "digital pre-towing notice" before it could tow his car. (App. Br. 2-3, 31-32, 42-54). Grimm asks this court to overrule its caselaw holding that, in some cases, no pre-towing notice other than publication of the relevant statutes is required—and that where further pre-towing notice is required, a citation placed under a car's windshield will satisfy due process. (*See* App. Br. 19-30).

Grimm filed his opening brief on March 18, 2019. (Dkt. 13). In that brief, Grimm's statement of facts, which purported to describe how the City's "Parking Kitty" electronic application for paying for parking operates, relied in substantial part on documents that were not in the record below. For example, the final paragraph of Page 6 and the entirety of Page 7 of Grimm's brief rely on a variety of City webpages that were apparently accessed on "Mar. 18, 2019"—long after the events in this case occurred. (App. Br. 6-7). Similarly, on Page 10 of his brief, Grimm states that, when he registered to use "Parking Kitty," the City asked him, "How should we contact you?"—but that statement appears nowhere in the record. (App. Br. 10). Rather, to support that assertion, Grimm cited, again, to a website he visited on "Mar. 18, 2019," long after this case arose. (App. Br. 10 n. 9). Grimm conceded that those facts were not in the records, but stated that he intended, "[b]y separate motion, [to] seek judicial notice of all web-sources not in the record" and that "[t]he appropriateness of those sources for judicial notice will be described in the motion." (App. Br. 6 n. 1).

At the time the City's answering brief was filed on June 3, 2019, however, Grimm had not filed any such motion for judicial notice. (*See generally* Dkt.) The City pointed this out in its brief, along with the fact that the sources that Grimm cited post-dated the events giving rise to this case by more than a year and were not subject to judicial notice under Federal Rule of Evidence 201:

> At this time, however, Grimm has not filed any such motion for judicial notice, and this court should decline to consider evidence not in the record. Moreover, the sources that Grimm rely on post-date the events giving rise to this case by more than a year and are not subject to judicial notice under Federal Rule of Evidence 201. To the extent Grimm's arguments rely on extra-record evidence of how the City's "Parking Kitty" parking-payment application allegedly works, this court should therefore reject them.

(Ans. Br. 26-27). The City accordingly asked this court to decline to consider that evidence. (Ans. Br. 26).

Grimm filed his reply brief on July 25, 2019. (Dkt. 32). In that brief, Grimm did not respond to the City's argument that the evidence described above was not in the record, that no motion for judicial notice of that evidence had been filed, and that the evidence was not subject to judicial notice Federal Rule of Evidence 201. (*See generally* Reply Br.) On September 29, 2019, briefing being now complete, this court scheduled this case for oral argument on December 13, 2019. (Dkt. 36).

Now—nearly seven months after Grimm filed his opening brief, four months after the City answered that brief and pointed out the deficiencies with the evidence cited therein, over two months after Grimm filed his reply brief, and after

3

briefing was complete and this case was set for oral argument—Grimm has filed a 88-page motion for judicial notice and attachments, asking this court to take judicial notice of numerous alleged facts and exhibits, including allegations that appeared for the first time in Grimm's reply brief. (*See e.g.*, Motion at pp. 9, 17) (listing allegations of facts mentioned in reply brief).

## II. The Motion

Specifically, Grimm asks this court to take judicial notice of the following "facts about Portland's use of SmartMeters and Portland's Smart City Initiative":

- "Parking Kitty is part of Portland's 'Smart City' initiative."

- "[t]he 'Smart City' initiative centers on the government's commitment to using 'data and technology to improve people's lives' and to using 'data and technology responsibly.'"

- "Portland was 'one of the first large cities in North America to switch the majority of its meters' to SmartMeter technology."

- "Portland has installed 1,890 SmartMeters at a cost of $4,900 per meter."

- "[s]ince adopting these new parking technologies 'meter revenues have risen dramatically.'"

- "Portland has benefited from a '94 percent increase' in meter revenue since beginning its digital overhaul."

- "Portland's digital overhaul 'makes maintaining and operating the parking meters more efficient' and that such digital technologies are 'easily upgradable.'"

- "Portland itself was expressly seeking private partners as part of its SmartCity initiative."

(Motion at 8-9) (brackets in original; internal quotation marks omitted).

Grimm also asks this court to take judicial notice of the following "facts about the public-corruption and bribery scandal surrounding Portland's SmartMeter program" and "facts about Portland's mobile Parking Kitty app":

- "Portland's SmartMeter program was [implicated] in a public-corruption investigation and bribery scandal."

- "[f]ederal agents raid[ed] Portland parking offices in [a] public corruption investigation of [its] parking manager[.]"

- "Portland's Parking Kitty app asks 'How should we contact you?' when a user registers for the app."

- "during registration, Portland's Parking Kitty app states 'We use your phone number to identify you in our system[.]'"

(Motion at 11-14).

Next, Grimm asks this court to take judicial notice of "the facts about Boston's NoTow notifications" from 'Bostons's government websites:

- "there is a tow-notification service called NoTow that was created by the City of Boston, Massachusetts in 2007."

- "Boston's NoTow notification service offers email, text, and auto-dialer alerts for towed vehicles."

- "Boston's NoTow notification service provides alerts for 'cars towed for street cleaning, unpaid tickets, snow emergencies, as abandoned, and by Boston Police Department directive.'"

5

(Motion at 16-18) (internal quotation marks omitted).

Finally, Grimm asks this court to take judicial notice "of the fact that Retriever Towing had an F rating from the Better Business Bureau"; that the Portland City Attorney, Tracy Reeve, "is an active supporter of social justice"; and that Grimm's "car was towed at 9:24 a.m. on December 21, 2017." (Motion at 19-24).

Grimm argues, "All the foregoing facts are appropriate for judicial notice under Federal Rule of Evidence 201." (Motion at 24). In the alternative, Grimm argues that, "[e]ven if these facts did not meet the standard set forth in Federal Rule of Evidence 201, these facts are still appropriate for judicial notice independent of Rule 201" as "background facts or legislative facts." (Motion 25-30). This court should deny that Motion for several reasons.

### III. Principles Governing Judicial Notice

As this court has explained, "Generally, we consider only the district court record as developed before appeal." *Lowry v. Barnhart,* 329 F.3d 1019, 1024 (9th Cir.2003). Nevertheless, in appropriate circumstances, this court "may take judicial notice on appeal." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (citing Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding.")). Under that rule, this court has "discretion to

6

take judicial notice of documents 'not subject to reasonable dispute,'" *Id*. (citing Fed. R. Evid. 201(b)).

"Facts are indisputable, and thus subject to judicial notice, only if they are either 'generally known' under Rule 201(b)(1) or 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned' under Rule 201(b)(2)." *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (denying request for judicial notice on appeal because "[t]he underlying facts relevant to the adjudication of this case—what notice procedures the DEA used, whether Horner had actual notice, and so on—do not remotely fit the requirements of Rule 201.")

Furthermore, "accuracy is only part of the inquiry under Rule 201(b)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). "A court must also consider—and identify—which fact or facts it is noticing from [a document]." *Id*. This is so because, "Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*. And even an undisputed fact will not be judicially noticed if it is irrelevant the legal issues on appeal. *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n. 13 (9th Cir. 1998).

//

//

**IV. The facts Grimm asks this court to judicially notice are not "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned," and are largely irrelevant to the issues on appeal.**

First, this court should deny the Motion because the alleged facts that Grimm asks this court to judicially notice are not "generally known," nor are they "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" as required by Rule 201.

For example, it is not "generally known" that Grimm's "car was towed at 9:24 a.m. on December 21, 2017"; that "Portland has installed 1,890 SmartMeters at a cost of $4,900 per meter"; that "Portland's Parking Kitty app asks 'How should we contact you?' when a user registers for the app"; or that "there is a tow-notification service called NoTow that was created by the City of Boston, Massachusetts in 2007." (*See generally* Motion). The same can be said for every assertion that the Motion asks this court to judicially notice.

Similarly, essentially none of those assertions is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." This is because the underlying facts in this case occurred in December 2017—but the documents that Grimm cites as support for the "facts" he asks this court to judicially notice post-date those events by nearly two years.

For example, to support his assertions related to "Portland's use of SmartMeters and Portland's Smart City initiative," Grimm cites four proposed

8

exhibits—Exhibit A, B, C, and D—that consist of copies of webpages. There is no evidence, however, of **(1)** when those webpages were accessed, **(2)** whether those webpages existed at the time of the underlying case, or **(3)** whether the factual assertions in those webpages are factually correct *or were factually correct at the time of the events in this case.* For example, Grimm cites one of those webpages for the proposition that the City "was expressly seeking private partners as part of its SmartCity initiative." (Motion at 9). There is nothing to show, however, that the City was doing so at the time of this case. Grimm therefore cannot show that the assertions in those webpages, even if factually accurate today, were factually accurate at the time in question in this case.

Similarly, to support his assertions "about Portland's mobile Parking Kitty app," Grimm cites proposed Exhibit G, the source of which is unclear. (*See* Motion at 14-15) (describing Exhibit G as a "screenshot"). The City and this court cannot tell from the exhibit whether is it related to the City's Parking Kitty app or not, when it was created, and whether it reflects the facts as they existed in December 2017. Even assuming that this proposed exbibit is related to Parking Kitty—which the City does not concede—Grimm does not show that it is a "source[] whose accuracy cannot be reasonably questioned" under Rule 21.

Grimm's request that this court "take judicial notice of the facts about Boston's NoTow notifications" suffers from similar problems. First, those alleged

9

facts are irrelevant to this case—Grimm does not explain why *Boston's* current notification program has any bearing on *Portland's* towing practices in December 2017. *See Ruiz*, 160 F.3d at 548 n. 13 (holding judicial notice inappropriate where facts to be noticed were irrelevant to legal issues on appeal). Furthermore, the City has no way of knowing whether the documents that Grimm relies on for those factual assertions—City of Boston websites—accurately describe Boston's program as it currently exists or existed in December 2017. The City has no knowledge about Boston's practices, and Grimm makes no attempt to describe the relevance of those exhibits or of the factual assertions in those exhibits, whether those exhibits existed at the time of the underlying case, and whether the facts asserted in those exhibits were factually accurate at the time of this case.

Similarly, Grimm does not explain how the facts that "Retriever Towing had an F rating from the Better Business Bureau" and that "City Attorney Reeve is an active supporter of social justice" have any relevance to the legal issue in this appeal—namely, the constitutional adequacy of Grimm's notice. *See Ruiz*, 160 F.3d at 548 n. 13 (holding judicial notice inappropriate where facts to be noticed were irrelevant to legal issue on appeal). Because those assertions, even if true, are irrelevant, this court should deny Grimm's request to judicially notice them.

Finally, Grimm asks this Court to judicially notice that his "car was towed at 9:24 a.m. on December 21, 2017." (Motion at 22-24). To support that assertion,

10

Grimm refers to an exhibit, Exhibit L, that appears to be an invoice issued by Retriever Towing—not the City—to Grimm on December 30, 2017. (*See* Motion 22, Ex. L). Even assuming that document is authentic—which Grimm does not demonstrate and the City does not concede—it does not show beyond dispute that Grimm's car was towed at the time Grimm alleges. Rather, on its face, Exhibit L appears to have been generated days after Grimm's car was towed in this case, and it simply states, ambiguously, a "time received." (*See* Exhibit L). Moreover, the photocopy of that exhibit in the Motion is of bad quality, and it is impossible to tell whether the time listed by the "time received" heading is, indeed, 9:24 a.m. as Grimm asserts. *See id*. And even if it were, it is not clear from the face of Exhibit L whether "time received" refers to the time Grimm's car was towed or to some other time related to the issuance of the invoice, or to any other process internal to Retriever Towing.

 In sum, Grimm does not show that the facts he asks this court to judicially notice are "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" as required by Rule 201, nor can he show that they are relevant to the legal issues on appeal. For those reasons, as explained above, this court should deny the Motion.

//

//

**V.      Grimm's alternative argument has no merit.**

As noted above, Grimm argues in the alternative that, "[e]ven if these facts did not meet the standard set forth in Federal Rule of Evidence 201, these facts are still appropriate for judicial notice independent of Rule 201" as "background facts or legislative facts." (Motion 25-30). That argument has no merit, and this court should reject it.

Quite simply, there is nothing "legislative" or "background" about the facts that Grimm asks this court to judicially notice. For example, Grimm's assertion that his "car was towed at 9:24 a.m. on December 21, 2017," is neither a background nor a legislative fact. The same is true of Grimm's assertions about "Portland's use of SmartMeters and Portland's Smart City Initiative," "Portland's mobile Parking Kitty app," and Boston's alleged current notification practices. They are, rather, paradigmatic adjudicative facts, and Grimm's Motion does not demonstrate otherwise.

Furthermore, even if some of Grimm's factual assertions could arguably be viewed as noticeable "background" or "legislative" facts—which the City does not concede—they still would have to be relevant to the issues on appeal to be admissible. *See Ruiz*, 160 F.3d at 548 n. 13 (holding judicial notice inappropriate where facts to be noticed were irrelevant to legal issue on appeal). Here, however, Grimm makes no attempt to explain how the individual facts he is asking this court

12

to judicially notice are relevant to the issue on appeal. For that independently sufficient reason, this court should therefore deny the Motion.

## CONCLUSION

For the foregoing reasons, this court should deny plaintiff-appellant's Opposed Motion for Judicial Notice.

Dated: October 14, 2019.

Respectfully submitted,

*Denis M. Vannier*
Denis M. Vannier, OSB No. 044406
denis.vannier@portlandoregon.gov
Senior Deputy City Attorney

Attorney for Defendants-Appellee City of Portland

## CERTIFICATE OF FILING AND SERVICE

I certify that on October 14, 2019, I electronically filed the foregoing APPELLEE'S RESPONSE TO MOTION FOR JUDICAL NOTICE with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: October 14, 2019.

*s/ Denis M. Vannier*
Denis M. Vannier, OSB No. 044406
denis.vannier@portlandoregon.gov
Senior Deputy City Attorney

Attorney for Defendant-Appellee City of Portland