# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANDREW GRIMM,<br>*Plaintiff-Appellant*,<br><br>*v.*<br><br>CITY OF PORTLAND; L. McHENRY; F. EARLE; RETRIEVER TOWING,<br>*Defendants-Appellees*,<br><br><br>Igor Lukashin, *pro se[1] "nonlawyer"[2]*,<br>*Prospective Amicus*. | 9th Cir. Case No. 18-35673<br><br>D.C. No. 3:18-cv-00183-MO<br><br><br>**Motion re: Amicus Brief not Supporting Either Party, in Support of En Banc Rehearing, and/or Request for Permissive Intervention** |

## Circuit Rule 29-3 statement

Lukashin contacted the parties herein before 2 p.m. PST October 26, via service-list e-mail addresses, attaching draft of the proposed amicus brief, and asking to reply by noon October 27. Mr. Vannier responded this morning, stating in part: "The City of Portland takes no position with respect to your request to file an amicus brief in this case." Mr. Keenan, attorney for appellant, has not responded. Lukashin called (516) 633-2633 at about 1:30 p.m., but reached Mr. Keenan's voicemail.

---

[1] Liberal construction is respectfully requested *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Capp v. County of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019); *Rodney v. Filson*, 916 F.3d 1254, 1259 (9th Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam)); **Ross v. Williams**, 950 F.3d 1160, 1173 n. 19 (9th Cir. 2020) **(en banc)**. *See also **United States v. Qazi**, No. 18-10483, pp. 3, 7–8 (9th Cir. Sept. 17, 2020); *Barannik v Barr*, No. 19-70871, p. 2 (9th Cir. Oct. 26, 2020) (mem.)

[2] *See State v. Yishmael*, 430 P.3d 279, 289 (Wash. App. 2018) , *affirmed* 456 P. 3d 1172 (Wash. 2020)

9th Cir. Case No. <u>18-35673</u>    Motion for Permission to file Amicus Brief         p. 2

**Motion for permission to file pro se amicus brief and/or permissive intervention**

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC,* No. 18-3644, pp. 3–4 (7th Cir. Sept. 24, 2020)[3] provided guidance for prospective amici, noting that "even a friend of the court interested in a particular outcome can contribute in clear and distinct ways, by, for example" (only relevant list elements provided):

- Highlighting factual, historical, or legal nuance glossed over by the parties;

- Providing practical perspectives on the consequences of potential outcomes;

- Supplying empirical data informing one or another question implicated by an appeal;

continuing: "an amicus curiae brief should be additive—it should strive to offer something different, new, and important. *See Scheidler*, 223 F.3d at 617". Amici can raise important issues not addressed by parties, *US v. Johnson*, No. 17-10252, pp. 6–7 (9th Cir. Oct. 26, 2020)[4] (ordering *parties* to file additional supplemental briefing)

City of Portland's rehearing petition, Dkt: 52 ("Pet."), filed October 19, 2020, seeks *en banc* rehearing, including due to alleged intra-circuit conflict with *Scofield, Clement,* and *Lone Star*, as well as whether general statutes or ordinances provide sufficient individualized notice, and warns of implications beyond towing cases. Lukashin seeks to add another dimension supporting *en banc* rehearing.

---

[3] http://media.ca7.uscourts.gov/cgi-bin/rssExec.pl?Submit=Display&Path=Y2020/D10-02/C:18-3644:J:Scudder:aut:T:op:N:2589923:S:0
[4] https://cdn.ca9.uscourts.gov/datastore/opinions/2020/10/26/17-10252.pdf

9th Cir. Case No. <u>18-35673</u>    Motion for Permission to file Amicus Brief             p. 3

Lukashin draws attention to *Grimm*'s treatment of the Court's unpublished dispositions, pp. 14–15, identifies a conflict with *Marino v. Ocwen Loan Servicing LLC*, No. 19-15530, pp. 6–7, 16 (9th Cir. Oct. 20, 2020)[5] and advocates for adoption of a rule similar to the one proposed by the twelve dissenting judges in *Allen v. Ives*, No. 18-35001, pp. 15, 27–28 (9th Cir. Sep. 22, 2020)[6] and aptly articulated by the Second Circuit in *Jackler v. Byrne*, 658 F.3d 225, 244 (2d Cir. 2011)[7]:

> …"[d]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases," Order dated June 26, 2007 (adopting 2d Cir. Local R. 32.1., amended in other respects and renumbered 32.1.1, effective Jan. 1, 2010)…

*Also US v. Villafane-Lozada*, No. 19-2098, p. 10 n. 3 (2d Cir. 2020); *US v. Caraher*, No. 18-511, p. 8 (2d Cir. 2020); *Gupta v. US*, 913 F.3d 81, 85 (2d Cir. 2019)[8].

This Court <u>may</u> consider an issue raised <u>only by amicus</u>, *Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993)[9]; *Tyler v. City of Manhattan*, 118 F.3d 1400, 1404 (10th Cir. 1997)[10].

---

[5] https://cdn.ca9.uscourts.gov/datastore/opinions/2020/10/20/19-15530.pdf ; also available at: https://scholar.google.com/scholar_case?case=4839905862461110399&

[6] https://cdn.ca9.uscourts.gov/datastore/opinions/2020/09/22/18-35001.pdf ; 12-judge dissent from denial of en banc rehearing; "True, the <u>panel majority was not bound by the five unpublished decisions</u>. But hopefully judges on those panels meant what they wrote. And if so, <u>19 active judges on this court have now rejected the panel majority's holding</u>" (emphasis added)

[7] https://scholar.google.com/scholar_case?case=14202543704852541427&

[8] https://scholar.google.com/scholar_case?case=16308271911642976272&

[9] https://scholar.google.com/scholar_case?case=16517099096543025644& ; *see also US v. Inouye*, 827 F.3d 1152, 1155 n. 1 (9th Cir. 2016) (citing *Swan*; addressing and rejecting amicus arguments)

[10] https://scholar.google.com/scholar_case?case=574566643784894988&0& ; citing *Teague v. Lane*, 109 S.Ct. 1060, 1069–70 (1989);

The additional issues raised by Lukashin are "of exceptional importance" and "can potentially apply far beyond the context of towing cases" Pet. at 25. For example, the Court seems to speak from both sides of its mouth[11] – *cf.* published opinions (Br., pp. 5–6) like ***Schwake[12],*** 967 F.3d at 948 n. 7[13], with ***ARMI[14],*** p. 3[15]:

> We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam)

and hundreds of unpublished dispositions, citing *Padgett* as a categorical bar instead.

Denial of constitutional rights is never a harmless error and would support a preliminary injunction, *see **Index Newspapers v. US Marshals Service**,* No. 20-35739, p. 42 (9th Cir. Oct. 9, 2020)[16], citing ***Melendres v. Arpaio***, 695 F.3d 990, 1002 (9th Cir. 2012)[17]; *see also **Reynaga Hernandez***[18], pp. 14–16. The Court should clarify if counting judicial heads and decision numbers, ***Allen, supra***, is appropriate.

---

[11] ***CSX Transportation, Inc. v. General Mills, Inc.***, 846 F.3d 1333, 1337 (11th Cir. 2017)

[12] ***Schwake v. Arizona Board of Regents***, 967 F. 3d 940 (9th Cir. 2020), *en banc rehearing pet. filed*;

[13] We reject the University's assertion that Schwake waived this argument. Although we generally treat arguments not raised in an opening brief as waived, we decline to follow that rule here because the original counsel who filed the opening brief withdrew from representation. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) ("We will not . . . review an issue not raised below unless necessary to prevent manifest injustice." (citation omitted)). Our court appointed pro bono counsel for Schwake, who filed Schwake's supplemental brief that raised this argument in light of the complaint's allegations.

[14] *Lukashin v. AllianceOne Receivables Management, Inc.*, No. 13-34529 (9th Cir. Sep. 25, 2015) (mem.)

[15] Nearly identical language yields 667 results: https://scholar.google.com/scholar?hl=en&as_sdt=4%2C107%2C114%2C122%2C129%2C248&q=%2B%22arguments+and+allegations+raised+for+the+first+time+on+appeal%22+%2B%22not+specifically+and+distinctly+raised+and+argued%22&btnG=

[16] https://cdn.ca9.uscourts.gov/datastore/opinions/2020/10/09/20-35739_order.pdf

[17] https://scholar.google.com/scholar_case?case=16954925304218095497&

[18] https://cdn.ca9.uscourts.gov/datastore/opinions/2020/08/10/19-35513.pdf No. 19-35513 (9th Cir. Aug. 10, 2020).

9th Cir. Case No. <u>18-35673</u>     Motion for Permission to file Amicus Brief           p. 5

Lukashin <u>agrees with City of Portland</u> that this case is important enough to call *en banc*, ***Atonio v. Wards Cove Packing Co.,*** 810 F.2d 1477, 1478-79 (9th Cir. 1987)[19], but also hopes to address value of the collection of this Court's unpublished dispositions, in light of  *Grimm* and ***Aliyev v. Barr***, No. 07-70128, p. 7 n. 2 (9th Cir. Aug. 24, 2020)[20] (both citing ***Hart v. Massanari***, 266 F.3d 1155, 1177-79 (9th Cir. 2001)[21]; reaffirming unpublished dispositions as being "of little use to district courts or litigants in predicting how this Court … will view any novel legal issues in the case on appeal" ***Grimm***, p. 15. *Accord* ***Federal Home Loan Bank of Seattle v. Credit Suisse Securities (USA) LLC***, 449 P.3d 1019, 1026 & n. 5 (Wash. 2019)[22] (rejecting reliance on unpublished dispositions – not a numbers game).

The *en banc* court would also have an opportunity to explore implications of ***Grimm***'s *Mullane*-based pre-deprivation notice requirement in other contexts. For example, current State of Washington debt collection contract No. 02912[23], instructs (see embedded Excel) to "add" the collection percentage payable by the debtor, noting the 10-day grace period[24], as ***Grimm*** would likely apply to *Mullane* notice there.

---

[19] https://scholar.google.com/scholar_case?case=16854274033720767124&
[20] https://scholar.google.com/scholar_case?case=8880033817844845124&
[21] https://scholar.google.com/scholar_case?case=18153086104221219602&q
[22] https://scholar.google.com/scholar_case?case=16060903428871970953&
[23] Documents available from: https://apps.des.wa.gov/DESContracts/Home/ContractSummary/02912 ; covering 2012 - 2020; judicial notice is requested and required, FRE 201(d)
[24] *See* embedded Appendix C, Statement of Work, "3. Commencement of Work" section. Whether the Contractor is required to provide notice of that 10-calendar-day grace period, or whether there's a de-facto pre-towing "grace period" for City of Portland's illegally-parked drivers would be good similar questions for the *en banc* court to consider.

9th Cir. Case No. <u>18-35673</u>    Motion for Permission to file Amicus Brief          p. 6

This would provide additional perspective to argument as to whether city

ordinances cited by Pet., at. 4–5 (or state statutes in *ARMI*, RCW 19.16.500(1)(b), (2)

and (4)), provide sufficient notice as to specific action taken.

## Conclusion

Lukashin respectfully requests that the Court GRANT this motion, <u>CONSIDER</u>

his amicus brief *en banc*, as well as <u>GRANT</u> Lukashin such other and further relief as

the Court may find appropriate and just[25], including FRCP 24(b) intervention[26].

The above is **1,326** words (excluding case caption), according to MS Word's Review /
Word Count tool, with box "Include text boxes footnotes, and endnotes" checked.

Igor Lukashin, *pro se*                          *s/* Igor Lukashin
igor_lukashin@comcast.net                        _____
PO Box 5954, Bremerton, WA 98312                 Signature
(360) 447-8837
                                                 October 27, 2020

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I certify that, on October 27, 2020, I electronically filed the foregoing with the
Clerk using the <u>prose_pleadings@ca9.uscourts.gov</u> e-mail[27], sending a copy of the e-
mail to all parties herein to the e-mail addresses in the service list for this case.

DATED                                            *s/ Igor Lukashin*
this 27th day of October, 2020.                _____
                                                 Signature

---

[25] Such further relief may include recalling mandate in *ARMI* as well as **other hundreds of cases** where meritorious claims of *pro* se appellants may have been improperly rejected based on purported *Padgett*-supported categorical rule
[26] See **Motion to Intervene on Appeal** by AZ AG,  https://cdn.ca9.uscourts.gov/datastore/general/2020/10/07/20-16932%20Motion%20to%20Intervene%20on%20Appeal.pdf pp. 4–9, filed October 6, 2020, in *Mi Familia Vota*
[27] http://cdn.ca9.uscourts.gov/datastore/general/2020/06/29/covid%20update%20june%2025.pdf